**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**
**CRIMINAL NO.:19-CR-195-DCR**

**UNITED STATES OF AMERICA**                             **PLAINTIFF**

**VS.**                   **SENTENCING MEMORANDUM**

**MICHAEL R. MCREYNOLDS JR.**
                                                      **DEFENDANT**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

Comes now the Defendant, Michael R. McReynolds Jr. by and through counsel, and for his Sentencing Memorandum states as follows:

**OFFENSE CONDUCT**

The Court after hearing Michael R. McReynolds Jr. plea and having reviewed Defendants' PSR is well aware of Defendants' offense conduct. Defendant cannot add to or subtract from his offense conduct and wish to only say that he truly is remorseful for his unlawful conduct. His only desire now is to do his sentence and return to his family.

**ARGUMENT**

The laws applying the Federal Sentencing Guidelines is now a discretionary matter for the courts. *United States v. Booker*, 543 U.S. 220 (2005). Sentences should now be fashioned upon the balancing of sentencing factors listed in 18 U.S.C. § 3535(a). Sentencing options available to district courts have significantly broadened following Booker and its progeny. *U.S. v Moon*, 513 F.3d 527, 541 (6th Circuit 2008). In Section 3553(c) it is stated as follows:

(a) The court shall impose a sentence sufficient, **but not greater than necessary**, to comply with the purpose set forth in paragraph (2) of this subsection. The Court, in making its determination of the particular sentence to be imposed, shall consider the following:

(1). The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The need for the sentence imposed...

Moreover, 3553A, directs the court to fashion a sentence,

(a). To reflect the seriousness of the offense, to promote respect for the law, and to provide a just punishment for the offense.

(b) To afford adequate deterrence to criminal conduct.

(c) To protect the public from further crimes of the defendant, and

(d) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In the matter against the Defendant, he comes before this court with criminal history score of which establishes a criminal history category of one (1).

Defendant has accepted full responsibility for his criminal actions. The Defendant realizes that he committed a very serious crime which is completely out of his character which is reflected in the letters which has been submitted to the court. The defendant offers no excuse for his criminal activity but simply say that he can be a good person and a productive person after he serves his sentence and ask for leniency.

Counts One and Three: Based upon a total offense level of 22 and a criminal history category of I, the guideline imprisonment range is 41 months to 51 months.

Counts Two and Four: The guideline sentence is 60 months imprisonment, consecutive to each other and any other counts. For a total sentence range of 161 to 171 months. The Court and the United States have acknowledged in this case that the Defendant has a serious addiction problem which contribute to Defendants' criminal activity in this case but that is still no excuse.

The Defendant respectfully ask this court to for a variance and to sentence him to one hundred and forty-four (144) months. He did serve his country and this case is his only serious criminal activity. A sentence of one hundred and forty-four (144) months will reflect the seriousness of the offense, promote respect for the law and afford adequate deterrence to any further criminal conduct. Said suggest sentence is long sentence and Defendant know that he has to be away from his family for a long period of time.

## CONCLUSION

For all the above stated reasons the Defendant respectfully requests this Court to have mercy and to impose a sentence of one hundred forty-four (144) months.

Respectfully Submitted,

By: s/ H. Wayne Roberts
H. Wayne Roberts
3229 Polo Club Blvd.
Lexington, KY 40509

Phone: (859) 225-0062

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing Sentencing Memorandum was duly served via electronic notification to all parties of record this 19th day of August 2020.

By: s/ H. Wayne Roberts<br>H. Wayne Roberts